UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00426

**Tracy Lynn Starr,**
*Plaintiff,*

v.

**City of Palestine, Texas,**
*Defendant.*

# ORDER

Plaintiff Tracy Lynn Starr filed this action against defendant, the City of Palestine, Texas, for alleged violations of the Fourteenth Amendment's Equal Protection Clause pursuant to 42 U.S.C. § 1983. Docs. 1, 7. This case was referred to a magistrate judge. Doc. 3.

Defendant filed a motion to dismiss plaintiff's amended complaint on February 11, 2025. Doc. 11. Plaintiff's response, mailed on February 24, 2025, *see* Doc 14-2, was received after the magistrate judge issued his initial report. Doc. 14. In turn, the magistrate judge issued an amended report that recommended dismissal of plaintiff's claims with prejudice for failure to state a claim. Doc. 15. Plaintiff timely filed objections to the report. Doc. 18.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Before addressing the substance of plaintiff's objections, the court must acknowledge that plaintiff's objections are direct screenshots of a response generated by artificial-intelligence service ChatGPT. Doc. 18. The court reminds plaintiff, and all pro se litigants, that the Eastern District of Texas's local rules provide explicit standards that pro se litigants must follow when using certain generative AI technologies. E.D. Tex. Local Rule CV-11(g).

Pro se litigants remain bound by the court's rules and the standards articulated under Federal Rule of Civil Procedure 11.

Still, plaintiff's objections fail in their substance. Plaintiff argues that dismissal of her equal-protection claim is improper because she adequately pleaded a viable class-of-one equal-protection claim. Doc. 18 at 3. That is, plaintiff argues the merits of the constitutional violation. *Id.* But the report recommended dismissal of plaintiff's equal-protection claim, not for failure to adequately plead a constitutional violation, but instead for failure to plead the necessary elements under *Monell v. Department of Social Services.* 436 U.S. 658, 690–91, 694–95 (1978).

First, plaintiff fails to allege any official policy, either "in the form of written policy statements, ordinances, or regulations" or "in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Fisher v. City of Amarillo*, No. 2:20-cv-00064, 2020 WL 7646975, at *5 (N.D. Tex. Dec. 23, 2020) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).

Second, plaintiff fails to allege a policymaker. Defendant—the City of Palestine—"cannot be liable" for a violation of plaintiff's constitutional rights by an unwritten custom unless "actual or constructive knowledge of such a custom is attributable to a city policymaker." *Fisher*, 2020 WL 7646975, at *4 (citing *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018)). The only policymaker plaintiff attempts to identify is "the police officer [who] refuses to register [her] at the address" she rented.[1] Doc. 7 at 1. This is not sufficient to establish that the police officer has any policymaking authority over the decision. *Alusi v. City of Frisco*, No. 4:22-cv-00397, 2023 WL 5509307, at *11 (E.D. Tex. Aug. 24, 2023) ("mistakenly conflat[ing] policymaking authority

---

[1] Ms. Smith, the parks and recreation director, has no involvement with the alleged violation of plaintiff's constitutional rights. Plaintiff refers to Ms. Smith's statement only to offer evidence showing children do not commonly gather in the parks she wishes to live by. *See* Doc. 7 at 2–3.

with decision-making authority" is "something Fifth Circuit precedent has consistently counseled against" (cleaned up)).

Thus, the court finds no error in the magistrate judge's recommendation because plaintiff indeed failed to plead (1) an official policy of defendant to apply the city ordinance in an unconstitutional manner (or an unwritten custom of doing so), (2) a policymaker with actual or constructive knowledge of such a policy, and (3) that any such policy was the moving force behind the alleged violation of plaintiff's constitutional rights. *See Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 495 (E.D. Tex. 2022). Plaintiff's objections are overruled.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court accepts its findings and recommendation. The court grants defendant's motion to dismiss (Doc. 11) and dismisses this action with prejudice. Any pending motions are denied as moot.

*So ordered by the court on July 18, 2025.*

J. CAMPBELL BARKER
United States District Judge