UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00426

**Tracy Lynn Starr,**
*Plaintiff,*

v.

**City of Palestine, Texas,**
*Defendant.*

# ORDER

Plaintiff sued City of Palestine, Texas, for allegedly violating the Equal Protection Clause of the Fourteenth Amendment. Docs. 1, 7. The court dismissed plaintiff's lawsuit for failure to state a claim. Docs. 15, 20, 21. Plaintiff appealed and sought leave to proceed in forma pauperis on appeal. Docs. 23, 24. The magistrate judge issued a report and recommendation, concluding that plaintiff's motion for leave to proceed in forma pauperis on appeal should be denied. Doc. 25. Plaintiff objected. Doc. 27.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

As an initial matter, plaintiff's objections appear to be generated by ChatGPT. Docs. 24, 27. This court has already reminded plaintiff, and reminds her again, that the Eastern District of Texas's Local Rules provide explicit standards that pro se litigants must follow when using generative AI technologies. Local Rule CV-11(g). That aside, plaintiff objects that she is unable to pay the filing fee, that her appeal is legitimate and non-frivolous, and that she would be denied due process without in forma pauperis status.

None of those objections, however, engage with the report's reasoning. As the report explained, plaintiff failed to plead any of the elements required for her claim under *Monell v. Department of Social Services*, 436 U.S. 658, 690–91, 694–95 (1978). Docs 20, 25. Plaintiff does not explain why that finding is erroneous.

Moreover, denying plaintiff in forma pauperis status on appeal is not a denial of due process. Federal law directs that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 18 U.S.C. § 1915. The report thoroughly explained that the appeal lacks a legal basis and therefore is not taken in good faith. The court agrees.

Having reviewed the magistrate judge's report de novo, and being satisfied that there is no error, the court accepts its findings and recommendations. The court denies plaintiff's motion to proceed in forma pauperis on appeal (Doc. 24) and certifies that the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A). The clerk is directed to furnish a copy of this order to the U.S. Court of Appeals for the Fifth Circuit under Rule 24(a)(4).

*So ordered by the court on October 3, 2025.*

J. CAMPBELL BARKER
United States District Judge